```
SEAN NALTY (SBN 121253)
RUSSELL H. BIRNER (SBN 181835)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
650 California Street, 14th Floor
San Francisco, California 94108-2718
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH
AMERICA and THE PERMANENTE MEDICAL
GROUP, INC. PLAN 602
```

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANKER, M.D.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; and THE PERMANENTE MEDICAL GROUP, INC. PLAN 602,<br><br>　　　　　Defendants. | Case No.: C08-03017 RMW (HRL)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN AND AFFIRMATIVE DEFENSES**<br><br>Action Filed: June 19, 2008<br>CMC: October 31, 2008<br>Trial Date: None |

　　　　Come now, Defendants Life Insurance Company of North America ("LINA") and The Permanente Medical Group, Inc. Plan 602 (the "Plan") (collectively "Defendants") and answer the Complaint for Benefits Under A Group Disability Employee Benefit Plan ("the Complaint") filed by Plaintiff Marc Anker, M.D. ("Plaintiff") in this matter.

　　　　Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The Complaint violates these provisions as it is a confusing

collection of purported partial quotes, unnecessary advocacy, footnotes defining and discussing medical terms, and totally superfluous allegations. In answering the Complaint, Defendants are only required to address the averments upon which Plaintiff relies to allegedly state a claim.

## ANSWER

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. Defendants admit that venue is proper in the United States District Court for the Northern District of California.

3. Defendants admit that Plaintiff has exhausted his administrative appeals. Except as so expressly admitted, Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit that The Permanente Medical Group, Inc. ("Permanente") established and maintained the Plan. Defendants further admit that Permanente is the Plan Administrator. Defendants state that the terms, conditions, limitations and restrictions of the Plan speak for themselves and must be read in their entirety. Except as so expressly admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants admit that LINA is a Pennsylvania corporation authorized to do business in California. Defendants further admit that LINA insured the disability component of the Plan, by virtue of its issuance of a Group Long Term Disability Policy to The Permanente Medical Group, Inc. (the "Policy"). Defendants also admit that LINA acted as the claim administrator in handling the claim for disability benefits submitted by Plaintiff under the Policy. Except as so expressly admitted, Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants admit, upon information and belief, that Plaintiff was a resident and citizen of California at all relevant times. Defendants further admit that Plaintiff was a participant in the Plan by virtue of his employment with Permanente.

7. Defendants admit that LINA issued Group Policy Number LK030054 to Permanente to insure the disability component of the Plan. Defendants state that the terms, conditions, limitations, and restrictions stated in the Policy and the Plan speak for themselves and must be read in their entirety. Defendants further state that paragraph 7 of the Complaint consists, in part, of conclusions of law, which Defendants are not required to admit or deny. Except as so expressly admitted, Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants state that the terms, conditions, limitations, and restrictions stated in the Policy and the Plan speak for themselves and must be read in their entirety. Except as so expressly admitted, Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff was employed with Permanente as an obstetrician/gynecologist. Except as so expressly admitted, Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff submitted a claim for disability benefits under the Policy. Except as so expressly admitted, Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit that Dr. Leslie Oshita reported on Plaintiff's medical condition and state that any report prepared by Dr. Oshita, taken in its entirety, speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Dr. Oshita is board certified in internal medicine. Except as so expressly admitted, Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants admit that Dr. Leslie Oshita reported on Plaintiff's medical condition and state that any report prepared by Dr. Oshita, taken in its entirety, speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Dr. Oshita is board certified in internal medicine. Except as so expressly admitted, Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit that LINA received a fax from Dr. Lim-Young on or about February 28, 2006 and state that the fax, taken in its entirety, speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Dr. Lim-Young is board certified in internal medicine. Except as so expressly admitted, Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants admit that LINA denied Plaintiff's claim for disability benefits in a March 6, 2006 letter. Except as so expressly admitted, Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants state that any report of a June 2, 2006 MRI, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants state that any report by Dr. Oshita on or about August 17, 2006, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants state that any report by Dr. Oshita on or about August 18, 2006, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants state that any report by Dr. Todd Alamin on or about October 11, 2006, taken in its entirety, speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Dr. Alamin is board certified in

orthopedic surgery. Except as so expressly admitted, Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants state that any report by Dr. Todd Alamin on or about November 6, 2006, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants state that any report by Dr. Oshita on or about December 5, 2006, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff's counsel sent an "appeal letter" to LINA on or about December 18, 2006, and state that the letter, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants admit that on or about March 9, 2007, LINA upheld its denial of Plaintiff's claim for disability benefits. Except as so expressly admitted, Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants admit that Plaintiff's counsel sent a second "appeal letter" to LINA on or about September 7, 2007, and state that the letter, taken in its entirety, speaks for itself. Except as so expressly admitted, Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants admit that on or about December 18, 2007, LINA upheld its denial of Plaintiff's claim for disability benefits. Except as so expressly admitted, Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants admit that LINA has not paid Plaintiff any disability benefits. Except as so expressly admitted, Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants state that paragraph 31 of the Complaint consists of conclusions of law, which Defendants are not required to admit or deny. To the extent that this paragraph

1 | contains factual allegations, Defendants deny the factual allegations in paragraph 31 of the Complaint.

2 | 32. Defendants deny the allegations in paragraph 32 of the Complaint.

3 | 33. Defendants deny the allegations in paragraph 33 of the Complaint.

4 | 34. Defendants admit that Plaintiff contends he is entitled to disability benefits under the Policy and that Defendants contend that Plaintiff is not entitled to benefits under the Policy. Defendants further admit that Plaintiff seeks a judicial declaration or a remand to the Plan Administrator. Except as so expressly admitted, Defendants deny the allegations in paragraph 34 of the Complaint.

Defendants deny the allegations in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendants allege that Plaintiff has failed to state a claim for relief against Defendants.

2. As second affirmative defense, Defendants allege that Plaintiff's exclusive remedy is that set forth in 29 U.S.C. § 1132(a)(1)(B).

3. As a third affirmative defense, Defendants allege that Plaintiff has failed, refused and/or neglected to take either reasonable, necessary or any steps whatsoever to mitigate any damages allegedly incurred as a result of Defendants' alleged conduct.

4. As a fourth affirmative defense, Defendants allege that Plaintiff failed to meet or perform all the necessary covenants, conditions and/or promises required to be performed in accordance with the terms and conditions of the Policy at issue in this action.

5. As a fifth affirmative defense, Defendants allege that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The administrative record in this matter, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

6.   As a sixth affirmative defense, Defendants allege that the claim determination at issue was based on substantial evidence, and as such did not constitute an abuse of discretion. Therefore, Plaintiff is not entitled to recovery of plan benefits.

7.   As a seventh affirmative defense, Defendants allege that the determinations regarding Plaintiff's claim for benefits were neither arbitrary nor capricious, but rather were rational and reasonable based on the evidence submitted by him and comprising the Administrative Record, were made in good faith and were a lawful exercise of sound discretion.

8.   As an eighth affirmative defense, Defendants allege that all determinations made by Defendants with respect to Plaintiff's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the Plan.

9.   As a ninth affirmative defense, Defendants allege Plaintiff's asserted damages, if any, must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy.

10.  As a tenth affirmative defense, Defendants allege that in the event that Plaintiff is entitled to benefits, he is only entitled to back benefits under the specific definition of disability stated in the Policy. Any decision concerning his entitlement to benefits in the future must be made by the claims administrator, not the Court.

11.  As an eleventh affirmative defense, Defendants allege that Plaintiff's claim for relief is barred by the equitable doctrine of unclean hands.

12.  As a twelfth affirmative defense, Defendants allege that Plaintiff's claim for relief is barred by the equitable doctrine of estoppel.

13.  As a thirteenth affirmative defense, Defendants allege that Plaintiff has waived any claim for benefits under the Policy.

14.  As a fourteenth affirmative defense, Defendants allege that because this action involves claims under ERISA, Plaintiff is not entitled to a jury trial.

WHEREFORE, Defendants pray for judgment in its favor as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;
2. That Defendants be awarded their costs and expenses incurred in this action;
3. That Defendants be awarded their attorneys' fees incurred in this action; and
4. That Defendants recover such other relief as the Court may deem just and proper.

Date: August 21, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: *[signature]*
SEAN P. NALTY
RUSSELL H. BIRNER

Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA and THE PERMANENTE MEDICAL GROUP, INC. PLAN 602

---

8

**DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

USDC NDCA Case #C08-03017 RMW (HRL)
371408.1